McKinney, J.
delivered the opinion of the court.
This is an action on the case brought to recover damages for an injury to the person of the defendant, in error, occasioned by falling into a well, or cistern, which the plaintiffs in error had ordered and procured to be dug on the side-walk, at the corner of two of the public and most frequented streets of'Memphis.
It appears, that the cistern occupied above two-thirds of the side-walk; that it was from twenty to twenty-five feet deep; and that it was suffered to remain uncovered, day and night, without guard or enclosure, and also without light or signal at night, or other precaution to warn passengers of the danger to which they were exposed; in this condition it remained for several weeks. *758 The work was performed by an agent or servant of the corporation, employed by a committee of the board, to do the same. The defendant in error was a stranger in the city; and in passing to his lodgings, after night, not knowing of the cistern, and the night being dark, he fell therein and was thereby so greatly injured as to be disabled and rendered a cripple for life. The case was submitted to the jury upon the issue of not guilty; the verdict was in favor of the plaintiff in the action for five thousand dollars, damages; and a new trial being refused, an appeal in the nature of a writ of error was prosecuted to this court. The substance of the charge of the court is summed up in the following extract, viz: “ if it appear in evidence, that the defendants employed an agent to dig the cistern upon the corner of Main and Jefferson streets, upon the sidewalk, and that in digging the cistern, he performed his work in a manner so negligently, unskillfully and carelessly as to endanger the lives of those accustomed to walk the streets, or of strangers who might pass thereon, and that the agent of the defendants acted within the scope of his authority, and that the injury complained of by the plaintiff, was occasioned by the carelessness and unskil-fullness of the defendants’ agent, without any fault or negligence of the plaintiff, your verdict should be for the plaintiff,” &c. The correctness of the general principles laid down in the foregoing charge, is not seriously questioned. The supposed error, is in the omission of the court to submit a further «enquiry to the consideration of the jury, namely, whether the work in question whs designed to be for the convenience and benefit of the public, or for the private emolument of the corporation, as a means of increasing its revenue, it being assumed, *759 that if it were of the former character, the corporation would not be liable in this action. In this there was no error. If by the public, is meant the corporators or inhabitants of Memphis, no such distinction exists as that attempted to be made. All the powers conferred upon a corporation for the local government of a town or city, are, in judgment of law, for the private benefit of such corporation, although the public at large may also derive benefit therefrom. And whether the object of a given improvement, be to confer a direct benefit or convenience upon the inhabitants of the corporation, as to furnish water facilities or the like, or whether it be to swell the revenues of the corporation, is wholly immaterial; the principle governing the liability of the corporation is precisely the same in both cases. And it is the province of the court to construe and interpret the charter of a corporation; to determine the nature and extent of the powers conferred; and to judge what acts do, or do not, fall within the legitimate scope of the authority bestowed, and the purposes for which it may have been created. The court in this case did not err, therefore, in tacitly assuming as a matter of law,' that the construction of the work in question was within the scope of the powers conferred, and for the private benefit of the corporation. The principle relied upon to maintain the distinction attempted to be taken by the counsel for the plaintiffs in error, is correct; but it is altogether misapplied to the facts of the case under consideration. It may be admitted, that a corporation exercising a power conferred by law, for the benefit of the public, would not be liable for the negligence of its agents, if acting within the scope of its authority, and if guilty of no negligence in the discharge of the duties *760 with which it was charged. The corporation in such case would be upon the footing of a public officer required to perform a duty which could not be discharged without the employment of agents or servants; and to such cases the doctrine of respondeat superior does not apply. But the plaintiffs in error sustained no such relation to the public as to bring them within the operation of this principle. Their charter is a special franchise for the private benefit and emolument of the city of Memphis, although the public may no doubt be benefited bjr it. It was held by this court in the case of Humes vs. Mayor and Aldermen, (1 Hump. 403,) that a municipal corporation, for the government of a town or city, is the proprietor of the streets, which it holds as easements, in trust, for the benefit of the corporation; and which it has the power to grade, pave or otherwise improve. And it is well settled at this day, both in England and America, that such a corporation is liable to be sued in actions of tort in like manner as natural persons. Angel and Ames on Corporations, 328, 334. In the case of Yarborough vs. Bank of England, (16 East. 6,) which was an action of trover, it was moved in arrest of judgment, that the action, being founded in tort, would not lie against a corporation. But Lord Ellenborough, Ch. J, held, that whenever a corporation is competent to do, or order to be done, any act on its behalf, it is liable for the consequences of such act, if it be of a tortious nature,- and to the prejudice of another. The same general proposition is maintained by Marshall, Ch. J., 3 Peters R. 409. And it is said, to be the policy of the present day, especially in the United States, where corporations for various purposes are becoming so numerous, to attach to them the same liabilities to which natural *761 persons are subject; and that they are so held liable. Angel and Ames on Corp. 333; 15 Serg. and Rawle R. 173. Municipal corporations are likewise liable for the wrongful acts and neglects of their servants and agents, upon the same grounds, in the same manner, and to the same extent as natural persons. Angel and Ames, 250; 4 Serg and Rawle 6; 3 Hill R. 531; 19 Pickering R. 513. This proposition is equally clear upon principle and authority. It is the duty of the corporation to exercise proper care and prudence in the selection and employment of suitable agents and servants; to retain the requisite degree of control and superintendence over them in the performance of their duties; to enforce such measure of vigilance and care as will guard against all unusual or unreasonable exposure to injuries of any kind; all this they may and ought to stipulate for, and exact from those in their employ. And they will not be permitted to shield themselves from the consequences of their own gross neglect of duty, by turning the injured party round to seek redress from the irresponsible agent or servant. Again, upon general principles of law, the owner is liable for a nuisance upon his premises, upon the principle that he is bound to use his own property In such manner as not to cause an injury to others. Hence, in the case of Payne vs. Rogers, (2 H. Bl. Rep. 349,) an action on the case was sustained against the owner of a house for an injury to the plaintiff, occasioned by his leg slipping through a hole in the side-walk Into a vault or cellar belonging to the house. It was the duty of the owner to repair in such case, so as to guard against the exposure of others to injury. And in the case of Rush vs. Stienman, (1 Bos. and Pull. R. 304.) The owner of a house who had ordered repairs, was *762 bolden liable for tbe effects of nuisance occasioned by the repairs, though the person who caused the nuisance was the servant of the mason,' who had been employed by the party who undertook the repairs. But it is needless to multiply authorities in support of so clear a proposition.
There is no error in the record and the judgment will be affirmed.